IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-1781 (SLR) |
| v. | ) | |
| | ) | |
| ALCATEL-LUCENT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ALCATEL-LUCENT USA'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S WILLFUL INFRINGEMENT CLAIM**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
skraftschik@mnat.com

*Attorneys for Defendant Alcatel-Lucent USA, Inc.*

March 15, 2013

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

NATURE AND STAGE OF THE PROCEEDINGS ........ 1

SUMMARY OF ARGUMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 3

I. LEGAL STANDARDS ........ 3

II. BRANDYWINE FAILS TO PLEAD OR SUPPORT THE ELEMENTS REQUIRED TO STATE A CLAIM FOR WILLFUL INFRINGEMENT ........ 5

III. BRANDYWINE FAILS TO PLAUSIBLY ALLEGE THAT ALCATEL-LUCENT USA HAD PRE-SUIT NOTICE OF THE ’142 PATENT ........ 7

CONCLUSION ........ 9

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
C.A. No. 11-967-SLR, 2012 WL 4470386, at *3 (D. Del. Sept. 28, 2012)........................5, 6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................4, 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................................4, 7

*Brandywine Commc'ns Techs., LLC v. Aastra USA, Inc.*,
C.A. No. 12-1780, D.I. 1.......................................................................................................3

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
C.A. No. 11-1175-RGA, D.I. 50 (D. Del. July 18, 2012).....................................................6, 7

*Circuit City Stores v. Citgo Petroleum Corp.*,
C.A. No. 92-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ...............................................2

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)...................................................................................................5

*Godlewski v. Affiliated Computer Servs., Inc.*,
210 F.R.D. 571 (E.D. Va. 2002) .............................................................................................2

*HSM Portfolio LLC v. Fujitsu Ltd.*,
C.A. No. 11-770-RGA, 2012 WL 2580547 (D. Del. July 3, 2012)..........................................4

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
434 F. Supp. 2d 598 (N.D. Iowa 2006)...................................................................................2

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)..................................................................................................8

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007)...............................................................................................5

*IpVenture Inc. v. Lenovo Grp. Ltd.*,
C.A. No. 11-588-RGA, 2012 WL 2564893 (D. Del. June 29, 2012) .......................................8

*Monec Holding AG v. Motorola Mobility, Inc.*,
C.A. No. 11-798-LPS-SRF, __ F. Supp. 2d __, 2012 WL 4340653
(D. Del. Sept. 20, 2012) ....................................................................................................5, 6, 8

*Pragmatus AV, LLC v. TangoMe, Inc.*,
C.A. No. 11-1092-LPS-CJB, 2013 WL 571798 (D. Del. Feb. 13, 2013)..................................7

*Softview LLC v. Apple Inc.*,
C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ..........................................5

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*,
C.A. No. 10-425-LPS, 2012 WL 1134318 (D. Del. Mar. 28, 2012) .........................................6

**RULES AND STATUTES**

35 U.S.C. § 284.........................................................................................................................3

Fed. R. Civ. P. 8(a)(2)...................................................................................................................3

Fed. R. Civ. P. 12(b)(6)...........................................................................................................2, 4

## NATURE AND STAGE OF THE PROCEEDINGS

Brandywine Communications Technologies, LLC ("Brandywine") filed its Complaint (D.I. 1) against Alcatel-Lucent USA, Inc. ("Alcatel-Lucent USA") on December 28, 2012, alleging infringement of U.S. Patent No. 5,881,142 (the "'142 Patent"). This is one of seven cases filed by Brandywine on December 28, 2012, in which Brandywine asserts infringement of the '142 Patent (the "Brandywine '142 Patent Cases").[1] Between December 23, 2012 and January 18, 2013, Brandywine also filed nine other cases in this Court asserting infringement of six other, unrelated patents.[2]

## SUMMARY OF ARGUMENT

Brandywine's Complaint includes no specific factual allegations related to its willful infringement allegations. Although Brandywine purports to plead that it sent a "notice of infringement letter" to Alcatel-Lucent USA prior to filing this suit, mere knowledge of the patent is insufficient to state a claim for willful infringement. Moreover, the actual "notice of infringement letter" referenced in the Complaint (Ex. A) shows that Brandywine's assertion that Alcatel-Lucent USA had pre-suit knowledge of the patent is incorrect. In fact, Brandywine sent the letter to Alcatel-Lucent USA's parent company in France, and it said nothing about Alcatel-

---

[1] The Brandywine '142 Patent Cases are: C.A. Nos. 12-1780 to 12-1783 and 12-1785 to 12-1787. C.A. No. 13-067 is a declaratory judgment action filed by Estech Systems Inc. against Brandywine that also includes the '142 Patent. U.S. Patent Nos. 5,719,922 and 6,236,717 are asserted in some of the other Brandywine '142 Patent Cases, but they are not asserted against Alcatel-Lucent USA.

[2] These are C.A. Nos. 12-1763 to 12-1769, 12-1784 and 13-108. Brandywine designated these cases as related to the Brandywine '142 Patent Cases even though the six patents asserted are unrelated to and cover different subject matter than the patents asserted in the Brandywine '142 Patent Cases.

Lucent USA. As a result, the Court should dismiss Brandywine's willful infringement allegations.[3]

STATEMENT OF FACTS

The only factual allegations in Brandywine's December 28, 2012 Complaint related to its willful infringement claim state that Brandywine provided pre-suit knowledge of the '142 Patent to Alcatel-Lucent USA:

> 9. On December 11, 2012, Brandywine sent a letter to Defendant notifying Defendant that it has been infringing the '142 Patent through the use and sale of its office phone systems, software, and services. This letter was sent by certified mail with return receipt requested. Upon information and belief, Defendant has received the letter.
>
> * * *
>
> 13. Defendant had actual knowledge of the '142 Patent and its alleged infringement of that patent since at least the time it received Brandywine's December 11, 2012 notice of infringement letter.

(D.I. 1 ¶¶ 9, 13). Based only on this purported pre-suit knowledge of the '142 Patent, Brandywine asserts willful infringement:

> 18. Despite Brandywine's notice regarding the '142 Patent, Defendant has continued to infringe the '142 Patent. On information and belief, Defendant's infringement has been and continues to be willful.

---

[3] A motion to dismiss that addresses part of a complaint suspends the time for Defendants to answer or otherwise respond to the remaining allegations in the complaint. *See, e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores v. Citgo Petroleum Corp.*, C.A. No. 92-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

(D.I. 1 ¶ 18). Brandywine requests, in its prayer for relief, "[a]n award of treble damages under 35 U.S.C. § 284" (D.I. 1 at 5 ¶ d). These are the only allegations in Brandywine's Complaint directed to willful infringement.

Brandywine's allegation of pre-suit knowledge is simply wrong. First, the Complaint states that Brandywine sent its "notice of infringement letter" to Alcatel-Lucent USA (D.I. 1 ¶¶ 9, 13). In fact, Brandywine sent the letter to the CEO of Alcatel-Lucent USA's French parent corporation, Alcatel Lucent in Paris, France (Ex. A).[4] That letter refers only to Alcatel Lucent's purported infringement, and does not refer in any way to Alcatel-Lucent USA, the named defendant in this case (*id.*). The office of Alcatel Lucent's CEO did not receive the letter until six days later, on December 17 (*id.*). Eleven days later, with Christmas occurring in between, Brandywine sued Alcatel-Lucent USA on December 28, 2012. In fact, Brandywine never gave any notice of the '142 patent to Alcatel-Lucent USA before it filed this lawsuit. In the six other Brandywine '142 Patent Cases, Brandywine made the same boilerplate allegations – that it sent a letter on December 11, 2012, notifying each defendant of its alleged infringement and that each defendant's activities since receipt of the letter constitutes willful infringement.[5]

## ARGUMENT

### I. LEGAL STANDARDS

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

---

[4] Brandywine addressed the letter to the CEO of "Alcatel-Lucent S.A." The correct name of Alcatel-Lucent USA's parent company in France is "Alcatel Lucent."

[5] Only one of the other complaints includes additional allegations directed to willfulness. *See Brandywine Commc'ns Techs., LLC v. Aastra USA, Inc.*, C.A. No. 12-1780, D.I. 1 ¶¶ 13, 14 (D. Del. Dec. 28, 2012).

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Courts evaluate the sufficiency of the allegations in a complaint at the outset of the litigation because a "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citations omitted).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege facts that, when taken as true, amount to "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). A plaintiff's obligation to provide fair notice of what the claim is and the grounds on which it rests thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted).

Even where a plaintiff alleges facts in support of its claims, the Court must determine whether those allegations are "well-pleaded factual allegations" and whether they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. To survive a motion to dismiss, factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). A plaintiff must allege sufficient facts to "nudge[]" "[its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Under *Twombly* and *Iqbal*, a claim of willful infringement must be supported by facts "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *HSM Portfolio LLC*

*v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2012 WL 2580547, at *2 (D. Del. July 3, 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)); *accord Monec Holding AG v. Motorola Mobility, Inc.*, C.A. No. 11-798-LPS-SRF, __ F. Supp. 2d __, 2012 WL 4340653, at *10 (D. Del. Sept. 20, 2012) (dismissing willful infringement claim where allegations "failed to plausibly support" the elements of willful infringement). Brandywine has not pled a plausible claim of willful infringement here.

## II. BRANDYWINE FAILS TO PLEAD OR SUPPORT THE ELEMENTS REQUIRED TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

To establish willful infringement,

> [A] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*Aeritas, LLC v. Alaska Air Grp.*, Inc., C.A. No. 11-967-SLR, 2012 WL 4470386, at *3 (D. Del. Sept. 28, 2012) (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). Willful infringement, therefore, requires pre-suit knowledge of the asserted patent and ***pre-litigation conduct***. *See Seagate*, 497 F.3d at 1371, 1374 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *8 (D. Del. July 26, 2012) ("*Seagate* implies that willful infringement allegations based only on post-filing conduct are inadequate.").

A plaintiff must allege facts supporting pre-suit knowledge of the patent-in-suit, and facts supporting the objective and subjective elements of willfulness, to state a claim for willful infringement.

> At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "***plead facts giving rise to at least a showing of objective recklessness of the infringement risk***." "Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement," but the complaint must adequately allege "factual circumstances in which the patents-in-suit [are] called to the attention" of the defendants. The complaint must "***demonstrate[ ] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement" were either known or were so obvious that they should have been known***.

*Monec*, 2012 WL 4340653, at *9 (emphasis added) (quoting *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, C.A. No. 10-425-LPS, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012)); *accord Aeritas*, 2012 WL 4470386, at *4 ("[T]he burden to prove willful infringement requires more than mere knowledge of the patent."). Thus, a plaintiff asserting willful infringement must allege facts sufficient to plausibly show that: (1) the defendant had pre-suit notice of the patent-in-suit; (2) the defendant acted despite an objectively high risk of infringing a valid patent; and (3) the defendant knew or should have known of the infringement risk. *Monec*, 2012 WL 4340653, at *10 (citing *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, D.I. 50 (D. Del. July 18, 2012) (Ex. B)).

Even if Brandywine had alleged plausible facts to support pre-suit knowledge of the '142 Patent – which, as discussed below, it has not – it fails to allege, much less support, any of the other elements required to plead willful infringement. The Complaint does not include any factual allegations linking the purported pre-suit knowledge of the patent to an objectively high risk that the '142 Patent was valid and infringed. *See Monec*, 2012 WL 4340653, at *9 (dismissing willful infringement claim for failure to "plausibly support . . . that . . . Defendant

'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and that Defendant[] knew or should have known that [its] actions constituted infringement of a valid patent"); *see also Chalumeau*, C.A. No. 11-1175-RGA, Ex. B at 3 (same). The Court should dismiss Brandywine's claim for willful infringement because Brandywine has failed to plead or support the elements required to state a claim for willfulness. *See Aeritas*, 2012 WL 4470386, at *4 ("[T]he burden to prove willful infringement includes more than mere knowledge of the patent.").

Indeed, the facts show not that Alcatel-Lucent USA acted despite a known risk that it was infringing a valid patent, but only that Brandywine made identical allegations of notice of the '142 patent as to seven different companies based on the boilerplate allegations that Brandywine sent each defendant a letter just before Christmas and sued them just after Christmas. That is evidence only of Brandywine's conduct, not of any intentional or reckless conduct by Alcatel-Lucent USA. *See Pragmatus AV, LLC v. TangoMe, Inc.*, C.A. No. 11-1092-LPS-CJB, 2013 WL 571798, at *12-14 (D. Del. Feb. 13, 2013) (dismissing indirect infringement where allegation of notice letter, sent four days before suit, did not support required elements of indirect infringement, including that defendant knew that its users' actions constituted infringement).

## III. BRANDYWINE FAILS TO PLAUSIBLY ALLEGE THAT ALCATEL-LUCENT USA HAD PRE-SUIT NOTICE OF THE '142 PATENT

Brandywine's bare assertion that it provided Alcatel-Lucent USA with pre-suit notice of the '142 patent is not sufficient to permit the Court to "draw the reasonable inference" that Alcatel-Lucent USA is liable for willful infringement. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). It is simply not plausible, based on the allegations of the Complaint

and the referenced letter (Ex. A), that Alcatel-Lucent USA received notice of the ’142 Patent prior to the filing of the Complaint.[6] In fact, Brandywine provided no notice of the ’142 patent to Alcatel-Lucent USA prior to the December 28, 2012 lawsuit. Brandywine did not send its “notice” letter to Alcatel-Lucent USA, the named defendant in this case, but rather to the CEO of Alcatel-Lucent USA’s French parent company, Alcatel Lucent. (*Id.*). The letter referred only to Alcatel Lucent, and did not say anything about Alcatel-Lucent USA. Brandywine filed suit against Alcatel-Lucent USA on December 28, 2012, eleven days after the letter was received in Paris, and three days after Christmas.

Based on the allegations and the letter incorporated in the Complaint, it is simply not plausible that Alcatel-Lucent USA received pre-suit knowledge of the ’142 Patent, and Brandywine’s willfulness claim should be dismissed. *See Monec*, 2012 WL 4340653, at *10 (dismissing willful infringement claim where plaintiff’s factual allegations did not plausibly support “that Defendants had any reason to know of the [patent-in-suit]”); *IpVenture Inc. v. Lenovo Grp. Ltd.*, C.A. No. 11-588-RGA, 2012 WL 2564893, at *2 (D. Del. June 29, 2012) (dismissing willful infringement where factual allegations of pre-suit knowledge were insufficient). Brandywine should not be permitted to create the illusion of pre-suit knowledge and accuse a company of willful infringement by (1) sending a “notice” letter, not mentioning

---

6 The Court may consider Brandywine’s “notice” letter “without converting the motion to dismiss into one for summary judgment” because Brandywine “explicitly relied upon [the letter] in the complaint.” *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). “The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint -- lack of notice to the plaintiff -- is dissipated ‘[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.’” *Id.* (citations omitted). Brandywine clearly had notice of its own letter, and explicitly relied on that letter to support its claim of willful infringement. Thus, the Court may consider the letter without converting this motion to dismiss into a motion for summary judgment.

the actual defendant, to the defendant's overseas corporate parent, and (2) filing a suit against the American subsidiary a short time later. Because the Complaint fails to allege sufficient facts to state a plausible claim that Alcatel-Lucent USA is liable for willful infringement, Brandywine's willful infringement claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Alcatel-Lucent USA respectfully requests that the Court grant its motion to dismiss Brandywine's willful infringement claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Stephen J. Kraftschik*

Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
skraftschik@mnat.com

*Attorneys for Defendant*

March 15, 2013
7032954

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 15, 2013, upon the following in the manner indicated:

Stamatios Stamoulis, Esquire — *VIA ELECTRONIC MAIL*
Richard C. Weinblatt, Esquire
STAMOULIS & WEINBLATT, LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809

Darlene Ghavimi — *VIA ELECTRONIC MAIL*
FARNEY DANIELS
800 S. Austin Avenue, Suite 200
Georgetown, TX 78626

*VIA ELECTRONIC MAIL*

Jonathan Baker
FARNEY DANIELS
411 Borel Avenue, Suite 350
San Mateo, CA 94402

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)

7032954